UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| W. MARK FRAZER AND KONILYNN FRAZER,<br><br>                   Appellants,<br><br>   v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC., TRUST 2006-NC4, ITS SUCCESSORS IN INTEREST, AGENTS, ASSIGNEES, AND/OR ASSIGNORS AND THROUGH ITS SERVICING AGENT WELLS FARGO BANK, N.A., NORTHWEST TRUSTEE SERVICES, INC.,<br><br>                   Appellees. | No. 3:11-CV-05454-RBL<br><br>ORDER GRANTING APPELLANTS' MOTION TO EXTEND THE DEADLINE TIME FOR FILING AN OPENING BRIEF<br><br>[Dkt. #14]<br><br>ORDER DENYING STAY OF ORDER PENDING APPEAL<br><br>[Dkt. #15] |

This matter is before the Court on Frazers' Emergency Motion for Nunc Pro Tunc Allowance of a Second Motion to Extend the Deadline Time for Filing an Opening Brief [Dkt. #14], and on Frazers' Emergency Motion for Stay of Order Pending Appeal [Dkt. #15].

**I.    MOTION TO EXTEND DEADLINE**

The Frazers request that the Court extend the deadline to file an opening brief. The Frazers were to have filed an opening brief by November 8, 2011, and that deadline has well passed. The Frazers, who are proceeding *pro se*, claim that extending the deadline is warranted

Order - 1

because they are overwhelmed by the voluminous requirements of the legal system.  The Court will extend the deadline for the Frazers to file an opening brief to March 16, 2012.

## II.   MOTION TO STAY PENDING APPEAL

### A. Background

On March 24, 2006, the Frazers purchased real property with money borrowed from Home 123 Corporation.  The loan was for $484,000.00, and was secured by a Deed of Trust which named the Frazers as "borrowers," Home123 as "lender," and Ticor Title as "trustee."

On or about April 3, 2006, Deutsche Bank National Trust Company, as Trustee, received the original Note executed by the Frazers, and the Note was indorsed in blank.  By the closing date of the Trust, June 23, 2006, the Depositor of the Trust, Morgan Stanley ABS Capital I Inc., conveyed all right, title, and interest to the mortgage loans in the Trust, including the Frazers' loan, to Deutsche Bank for the benefit of the certificate holders of the Trust.

On January 26, 2010, Deutsche Bank sent the Note and related loan documents to the servicer of the loan, Wells Fargo Home Mortgage, and these documents were returned on February 12, 2010.  On February 14, 2011, Deutsche Bank returned the loan documents to Wells Fargo.

On February 27, 2010, Wells Fargo appointed Northwest Trustee Services, Inc. (NWTS) as successor trustee by a recorded appointment of successor trustee.  On March 3, 2010, NWTS recorded a notice of trustee's sale.  At the time of the notice of sale, the Frazers were $67,612.50 behind on their monthly payments under the Note.

Two days before the trustee's sale was scheduled to take place, on June 2, 2010, the Frazers filed for bankruptcy under Chapter 13, which automatically stayed the foreclosure on the

property.[1] On July 9, 2010, the Trust filed a proof of claim related to the Note evidencing a real property mortgage loan for the property. The Frazers objected to the proof of claim by the Trust, and the Frazers were permitted by the bankruptcy court to litigate their claim through an adversary proceeding. The Trust moved for summary judgment dismissal of the adversary proceeding, and the bankruptcy court granted the motion on May 27, 2011. Only NWTS remained as a defendant. On September 23, 2011, NWTS moved for summary judgment dismissal of the adversary proceeding, and the bankruptcy court granted NWTS's motion on November 7, 2011. Meanwhile, the bankruptcy court closed the bankruptcy case without discharge on November 3, 2011.

The Frazers appealed the dismissal of the Trust to this Court. They now ask this Court to enjoin the Trust from pursuing foreclosure on their property pending appeal. Appellants' Mot. to Stay at 2. The Frazers' Motion and supporting affidavits claim a stay is warranted for the following reasons:

- Protect their right to appeal

- Allow additional time to finalize their settlement agreement with the New Century Liquidating Trustee

- The Note and Deed of Trust is not valid

- The Note and Deed of Trust was never conveyed, transferred, or assigned to Deutsche Bank in compliance with the Pooling and Service Agreement ("PSA")

- The Note and Deed of Trust is under the jurisdiction of the Delaware District Bankruptcy Court

- The PSA is governed under New York State law, not Washington State law.

*See Id.*; Decl. of W. Mark Frazer and Konilynn Frazer [Dkt. #15].

---

[1] The bankruptcy court converted the bankruptcy proceeding from a Chapter 13 to a Chapter 7 bankruptcy on February 11, 2011.

In response, Deutsche Bank argues that the Frazers have failed to meet their burden to justify a stay and thus, Deutsche Bank should be allowed to proceed with the foreclosure of the property.  *See* Appellees' Opp'n to Motion at 2 [Dkt. #17].

### B.  Discussion

The purpose of a temporary restraining order is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006).  To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22–23(2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008).  However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Even if the Court assumes, without deciding, that the Frazers can establish that the elements of irreparable harm and public interest weigh in their favor, the Court finds that the Frazers have not established that they are likely to succeed on the merits and that the balance of equities tips in their favor.

The Frazers have made no showing whatsoever that they are likely to succeed on the merits of any of their claims. Indeed, it is unclear from the motions exactly what claims they are trying to assert. The bulk of the Frazers' arguments appear to rest on the assertion that Deutsche Bank did not follow the terms of the PSA and New York State law in properly transferring their Loan into the Trust and thus, Deutsche Bank has no authority over the Frazers' mortgage. *See* Appellants Mot. for Stay at 6-9.

Because the Frazers are proceeding *pro se*, the court extends some latitude to their pleadings. Nevertheless, the Court finds that the Frazers have no standing to challenge whether the Trust followed the terms of the PSA. Whether the Trust followed the terms of the PSA in transferring the loan into the Trust is an issue that has neither no bearing in this matter nor does it involve the Frazers. In addition, Washington State law—not New York State law—governs this matter: the promissory Note was executed in Washington; the property is located in Washington; and the foreclosure is to occur in Washington.

Finally, the Frazers assert a cause of action for an "incorrect note." They claim that five unique indorsements were required to effectuate the transfer, and in this case, only one indorsement was made. However, Washington State law clearly provides that the person entitled to enforce a promissory note is the holder of the instrument, and that the holder of an instrument in blank—whereby the note is payable to the bearer—is the person in possession and may enforce it. RCW 62A.3-301; RCW 62A.3-205(b). Deutsche Bank was in possession of the Note executed in blank and is entitled as the bearer to foreclose on the Deed secured by the Note. The indorsements in blank did not discharge the Note nor cause the Deed to cease securing the Note. In short, the Frazers have failed to provide any argument or evidence to establish that they are likely to prevail on any issue.

At the time NWTS executed a notice of trustee's sale, the Frazers were $67,612.50 behind on their monthly payments under the Note, and they have not made any payments on the Note since January 2009.  Appellees' Opp'n to Mot. at 4, 8.  The Frazers seek to raise a variety of defenses to the machinations of the mortgage industry; the tax consequences to Deutsche Bank in foreclosing on the property; and the legality and timing of the various transfers of the lender's security interest in the property.  *See generally* Appellants' Mot.  The Frazers do not even attempt to address whether they did or did not borrow money to purchase their home, or whether they paid their obligations under the terms of the Note they now dispute.  Instead, the Frazers dispute that Deutsche Bank did not follow the terms of the PSA and New York State law in properly transferring the loan.  *Id.* at 9.  The hardship the Frazer family will undoubtedly endure is a factor in favor of an injunction.  But neither it nor the suggested technical imperfections in the foreclosure process count as equities on the Frazers' side of the ledger.  The balance of equities weighs in favor of Deutsche Bank.

### III.  CONCLUSION

The Frazers' Motion to Extend the Deadline Time for Filing an Opening Brief [Dkt. #14] is GRANTED.  The Frazers have not met their burden to obtain a stay or preliminary injuction.  Their Motion [Dkt. #15] for such relief is therefore DENIED.

DATED this 5th day of March, 2012.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE