HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

W. MARK FRAZER AND KONILYNN FRAZER,

                Plaintiffs,

    v.

DEUTSCHE BANK NATIONAL TRUST COMPANY et al.,

                Defendants.

No. 11-cv-5454 RBL

ORDER

## I. INTRODUCTION

Plaintiffs have appealed from the bankruptcy court's summary judgment dismissal of their claims. In short, Plaintiffs failed to make mortgage payments, the Note-holder foreclosed, and Plaintiffs have strategically used litigation to gum up the foreclosure process. Because the array of frivolous arguments presented lacks merit, the Court affirms the grant of summary judgment.

## II. BACKGROUND

### A. Factual Background

On March 24, 2006, the Frazers executed a promissory note for $484,000 to "Home 123 Corporation" in order to refinance their existing home loans. The loan was secured by a Deed of Trust which named the Frazers as "borrowers," Home 123 as "lender," and Ticor Title as "trustee."

Order - 1

On April 3, 2006, Deutsche Bank National Trust Company, as trustee for the Morgan Stanley ABS Capital I Inc. Trust 2006-NC4, acquired the original Note endorsed in blank.

On February 27, 2010, Northwest Trustee Services, Inc. (NWTS) was appointed successor trustee. On March 3, 2010, NWTS recorded a notice of trustee's sale, showing the Frazers $67,612.50 behind on their payments.

Two days before the trustee's sale, on June 2, 2010, the Frazers filed for bankruptcy under Chapter 13, which automatically stayed the foreclosure.[1] On July 9, 2010, the Trust filed a proof of claim. The Frazers objected to the proof of claim by the Trust and were permitted to litigate the claim through an adversary proceeding. The Trust moved for summary judgment, and the bankruptcy court granted the motion on May 27, 2011. On September 23, 2011, NWTS moved for summary judgment dismissal of the adversary proceeding, and the bankruptcy court granted NWTS's motion on November 7, 2011. The bankruptcy court closed the bankruptcy case without discharge on November 3, 2011.

### B. Plaintiffs' Claims

Plaintiffs pursue two basic theories. First, they argue that the Defendants did not comply with the pooling-and-servicing agreement, which governs the securitized trust that owns the Note. Second, Plaintiffs present what is essentially a "show me the note" claim. They argue that Defendants have not produced the original note, and that in any case, the Note is not a negotiable instrument (and was therefore invalidated when transferred).

### III. DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v.*

---

[1] The bankruptcy court converted the bankruptcy proceeding from a Chapter 13 to a Chapter 7 bankruptcy on February 11, 2011.

*Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220. Plaintiffs' claims are unsupported in either fact or law.

### A. Plaintiffs Lack Standing to Bring Claims Under the PSA.

Plaintiffs are not parties to the pooling and servicing agreement and present no authority suggesting standing to challenge it. The claim is meritless.

### B. Plaintiffs' Show-Me-The-Note Claim

Courts of this district routinely reject show-me-the-note claims. *See, e.g.*, *Mikhay v. Bank of Am.*, *NA.*, 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest*, 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. 2010). Indeed, the Washington Deed of Trust Act requires that a foreclosing lender demonstrate its ownership of the underlying note to the trustee, not the borrower. RCW 61.24.030(7).

Further, Plaintiffs present no authority undermining the chain of title. The Note in this case was endorsed in blank, making it enforceable by the holder. The Trust holds the Note, Plaintiffs have defaulted, and foreclosure is proper.

### C. Plaintiffs' Remaining Assertions

Any assertions remaining are so convoluted that the Court cannot respond. In any event, the essential facts are not in dispute: Plaintiffs signed the Deed, borrowed the money, defaulted, and the Trust is the current holder of the Note. Defendants are therefore entitled to foreclose.

## IV. Conclusion

For the reasons stated above, the Court agrees with the bankruptcy court's grant of summary judgment and the case is **DISMISSED** with prejudice.

Dated this 18th day of May 2012.

Ronald B. Leighton
United States District Judge